UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ANGELO ESPARZA,<br><br>                Petitioner,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. C22-5961 BHS<br><br>ORDER |

This matter is before the Court on Petitioner Michael Esparza's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Dkt. 1.

## I.  BACKGROUND

On May 17, 2021, the Court sentenced Esparza to 60 months and one day of imprisonment and three years of supervised release following his guilty plea to one count of Possession of Methamphetamine with Intent to Distribute and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. *United States v. Esparza*, 18-cr-5077 BHS, Dkts. 219, 251. Esparza did not appeal the Court's judgment.

On December 12, 2022, Esparza filed this § 2255 motion to vacate, set aside, or correct his sentence. Dkt. 1. Esparza appears to assert two claims of ineffective assistance

ORDER - 1

of counsel. *See id.* at 4–5. First, Esparza asserts that his attorney, Zenon Olbertz, "did nothing to prepare a defense of the charges and left [Esparza] with no alternative but to take the government's [plea] offer" *Id.* at 5. Second, Esparza claims that Olbertz wrongly advised him that, upon being convicted of his offenses, he would qualify for the Residential Drug Abuse Program (RDAP) and receive time credits under the First Step Act, allowing him to serve only 24 months of his approximately 60-month sentence. *Id.* Esparza asserts, however, that his conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime disqualifies him from both participating in RDAP and receiving time credits under the First Step Act. *Id.*

The Government argues that Esparza's § 2255 motion is time-barred under § 2255(f)(1) because he did not file it within one year after the judgment of conviction became final on May 31, 2022. Dkt. 5 at 7–8. The Government also contends that both of Esparza's ineffective assistance of counsel claims are without merit. The Government argues that Esparza's first claim—that Olbertz did not prepare a defense—is meritless because a viable defense did not exist considering the weight of the evidence against Esparza. *Id.* at 9–10. The Government argues that Esparza's second claim—that Olbertz wrongly advised him that he would qualify for RDAP and time credits under the First Step Act—is also without merit because his attorney neither grossly mischaracterized the outcome of a plea bargain nor provided erroneous advice on the probable effects of going to trial. *Id.* at 11. In so doing, however, the Government agrees with Esparza that his conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Offense disqualifies him from both participating in RDAP and receiving time credits under the

First Step Act. *Id.* at 11 (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55(b)(5)(ii); 18 U.S.C. § 3632(d)(4)(D)(xxii)).

Esparza replies that his motion is timely because he "was not fully aware of the consequences of the inadequate representation by counsel until after he arrived at FCI Sheridan" and "until he met with his case manager at FCI Sheridan Camp." Dkt. 6 at 2–3. Esparza does not state when he either arrived at Federal Correctional Institution, Sheridan, or met with his case manager, but he asserts that he "was not in a position to file this Motion until December 2022." *Id.* at 2.

The Government filed a surreply, arguing that Esparza's motion is also untimely under § 2255(f)(4) because he could have known the facts supporting his second ineffective assistance of counsel claim before pleading guilty. Dkt. 7-1 at 4.[1] According to the Government, "Esparza could have discovered [his attorney's] mistake" concerning whether he would qualify for RDAP or time credits under the First Step Act "simply by consulting . . . publicly-available statutes and regulations before pleading guilty." *Id.*

Esparza responds that he was not required to research the legal consequences of his conviction before entering a guilty plea and that he was, instead, entitled to rely on the representations of his attorney. Dkt. 8 at 1–2.

//

//

---

[1] Esparza responded to the substance of the Government's surreply, but he did not oppose its motion to file that surreply. *See* Dkt. 8. Therefore, the Government's unopposed motion for leave to file a surreply, Dkt. 7, is GRANTED.

## II.  ANALYSIS

Motions filed under 28 U.S.C. § 2255 are subject to a one-year limitation period. 28 U.S.C. § 2255(f). Relevant to this motion, the one-year limitation period commences from the later of either "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[2] 28 U.S.C. § 2255(f)(1), (4).

The Court first considers whether Esparza timely filed his motion within one year of the date on which the judgment of conviction became final. The Court entered the judgment of conviction on May 17, 2021. *Esparza*, 18-cr-5077 BHS, Dkt. 251. Esparza did not appeal his conviction. When a defendant does not appeal a conviction, "the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). Had Esparza desired to file a notice of appeal, he was required to do so within 14 days after the Court entered the judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). Because he did not do so, the judgment of conviction became final on May 31, 2021. For Esparza's motion to be timely under § 2255(f)(1), he was required to file it by May 31, 2022. He instead filed it in December 2022. Dkt. 1. Accordingly, Esparza's motion is untimely under § 2255(f)(1).

---

[2] The one-year limitation period may also commence on either (1) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(2), (3). However, neither of these are applicable here.

The Court next analyzes when Esparza discovered (or could have discovered with reasonable diligence) the facts supporting his claims to determine whether either of these claims are timely under § 2255(f)(4). "[T]o have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001).[3] Furthermore, "[d]ue diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)).

Esparza's claim that he pleaded guilty because his attorney did not prepare a defense for trial is untimely under § 2255(f)(4). To reiterate, Esparza argues that his attorney "did nothing to prepare a defense of the charges and left [him] no alternative but to take the government's [plea] offer." Dkt. 1 at 5. Esparza knew all the facts to support this claim when he pleaded guilty on November 23, 2020. *Esparza*, 18-cr-5077 BHS, Dkts. 219, 221 Accordingly, Esparza did not timely file this claim within one year under § 2255(f)(4).

---

[3] *Hasan* involved a petition filed by a state prisoner pursuant to 28 U.S.C. § 2254. The statutory limitation periods applicable to a § 2254 petition are enumerated in § 2244. "[T]he Supreme Court has interpreted the statute-of-limitations provisions of § 2244 and § 2255 in concert with one another." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005).

ORDER - 5

However, Esparza's other claim—that his attorney incorrectly informed him that he would qualify for RDAP and time credits under the First Step Act—is timely. The Government argues that "Esparza could have discovered this mistake simply by consulting . . . publicly-available statutes and regulations before pleading guilty." Dkt. 7-1 at 4. The Government asserts that Esparza therefore did not act with due diligence.

In *Harris v. Foulk*, 591 F. App'x 551, 552 (9th Cir. 2015), the Ninth Circuit rejected a similar argument. In that case, the defendant "was misinformed by both the trial court and his counsel that the length of any parole term would be five years when, in fact, he was subject to a lifetime parole term" under California Penal Code 3000.1. *Id.* The Ninth Circuit explained that the defendant "had no reason to doubt the correctness of those representations, or to conduct an independent investigation to determine their validity" when those representations were made. *Id.* The Ninth Circuit further explained that "[i]t was not until [the defendant's] second parole suitability hearing . . . that [he] first became aware of the actual parole term to which he was subject." *Id.* The Ninth Circuit held that he timely filed his habeas petition within one year of that hearing. *Id.*

Similarly, Esparza alleges that his attorney incorrectly informed him that, if he accepted the Government's plea offer, he would qualify for RDAP and time credits under the First Step Act. Dkt. 1 at 5. On the record currently before the Court, Esparza had no reason to doubt the correctness of that representation or to conduct an independent investigation into its validity when his attorney made that representation. Esparza also claims that he first became aware that he did not qualify for RDAP or time credits under the First Step Act when he met with his case manager at FCI Sheridan. Dkt. 6 at 2–3.

Notably, Esparza does not state exactly when he first met with case manager, but he says that he "was not in a position to file this Motion until December 2022." *Id.* at 2.

On this record, the Court cannot determine whether Esparza's second ineffective assistance of counsel claim—that his attorney incorrectly informed him that he would qualify for RDAP and time credits under the First Step Act—is timely under § 2255(f)(4). The Court also cannot conclude whether this claim is meritorious. Accordingly, an evidentiary hearing is necessary to address these issues.

Because an evidentiary hearing is necessary, the Court appoints counsel to represent Esparza. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. ORDER

Therefore, Esparza's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, Dkt. 1, is **DENIED in part**. Esparza's claim that his attorney provided ineffective assistance of counsel by not preparing a trial defense is untimely under § 2255(f). The Court **RESERVES RULING** on (1) whether Esparza timely filed the claim that his attorney incorrectly informed him that he would qualify for RDAP and time credits under the First Step Act; and (2) whether this claim is otherwise successful on the merits.

The Court **APPOINTS** counsel for Esparza and the Clerk shall assign Esparza counsel from the Court's Criminal Justice Act Panel. After counsel has appeared, the parties shall consult and file a **JOINT STATUS REPORT** with potential dates for an evidentiary hearing by the end of business on **Wednesday, May 24, 2023**.

Dated this 10th day of May, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8